*United States v. Rodney Guinn, Jr.*, 3:25-MJ-2351-JEM
**Supplemental Statement of the Reasons for Detention**

Before turning to the § 3142(g) factors, the Court finds a presumption in favor of detention applies in this case. If a defendant is charged with an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of ten years or more is prescribed, then a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3)(C). Defendant is charged with one count of arson of a building used in interstate commerce, in violation of 18 U.S.C. § 844(i). That offense is listed in § 2332b(g)(5)(B) and has a maximum term of imprisonment of twenty years.

To rebut the presumption, Defendant offered his mother as a third-party custodian. "The presumption in favor of detention[, however,] does not vanish simply because a defendant comes forward with evidence to rebut it. Were the presumption to vanish, 'courts would be giving too little deference to Congress' findings regarding this class.'" *United States v. Hinton*, 113 F. App'x 76, 78 (6th Cir. 2004) (citation omitted).

Turning to the § 3142(g) factors, the Court first considers the nature and circumstances of the charged offense. 18 U.S.C. § 3142(g)(1). Defendant is charged with arson of a building used in interstate commerce, namely a church. According to the affidavit in support of the criminal complaint and the evidence introduced during the preliminary hearing, Defendant set fire in the men's bathroom in the basement of a church while people were arriving for Sunday afternoon Mass.

Second, the Court considers the weight of the evidence of Defendant's dangerousness and risk of nonappearance. 18 U.S.C. § 3142(g)(2).[1] This factor "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948; *see also United States v. Villegas*, No. 3:11-CR-28, 2011 WL 1135018, at *8 (E.D. Tenn. Mar. 25, 2011) ("In other words, this factor goes to how convincing the government's arguments of dangerousness and risk of flight are." (citation omitted)).[2] Defendant's dangerousness is shown by his criminal history, which is discussed below. The alleged offense here also demonstrates that Defendant presents a danger, as the fire was set while people were arriving for church services.

Third, the Court must consider a host of factors relating to the history and characteristics of Defendant. 18 U.S.C. § 3142(g)(3)(A). Defendant is twenty-nine years old. He was born in Knoxville, Tennessee, and at eight years old, he was removed from his home and placed in the custody of the Tennessee Department of Children's Services ("DCS"). He has several biological and adoptive siblings. While in DCS custody, he moved frequently to various foster homes.

---

[1] Because the Court finds by clear and convincing evidence that Defendant poses a danger to the community, it does not address the weight of the evidence related to his risk of nonappearance. *See United States v. Hernandez*, No. 1:02-CR-006, 2002 WL 1377911, at *3 (E.D. Tenn. Feb. 27, 2002) ("Pretrial detention can be ordered based on a judicial finding of either substantial danger to the safety of the community or risk of flight; only one is required." (citation omitted)).

[2] Indeed, "[n]othing in [§ 3142] shall be construed as modifying or limiting the presumption of innocence." 18 U.S.C. § 3142(j).

Defendant is married, reporting that his grandmother held a shotgun to his head during the ceremony. He is currently separated from his wife, with whom he has a child, and she is in a relationship with one of his adopted brothers. Defendant reports that he has fathered five children; he does not know the names or ages of three of them. He is currently in a relationship with the mother of his one-year-old child.

Defendant has not travelled outside the United States. He was expelled from high school and does not have a high school diploma or GED. Defendant has a learning disability. He previously received disability benefits, but they were discontinued. As for his physical health, Defendant suffers from various conditions, including epilepsy and asthma. As for his mental health, Defendant suffers from a plethora of mental health diagnoses, including post-traumatic stress disorder, night terrors, split/multiple personality disorder, bipolar disorder, and attention deficit hyperactivity disorder. He was previously hospitalized. He has thoughts of suicide, but reports that he has never attempted suicide. He currently receives treatment and is on medication. Defendant reports no history of using illicit substances.

As for Defendant's criminal history, it is lengthy and concerning, especially considering his age. Defendant was convicted of aggravated statutory rape in 2025; the victim was fifteen years old and Defendant was at least ten years older. The rape resulted in the birth of a child. In addition, he was also convicted of aggravated assault earlier this year. It was alleged that when the victim of the rape's guardian approached Defendant; Defendant "sucker punched" him in the face and then started choking him from behind. Defendant then announced he would kill him and the victim's mother. He is currently on probation for these offenses. Defendant has been also charged with assault four times since the age of eighteen.

Finally, under 18 U.S.C. § 3142(g)(4), the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Considering the alleged conduct in this case of setting fire in a church and Defendant's violent criminal history, Defendant presents a danger to the community in more than one way.

In support of his release, Defendant offered his mother as a third-party custodian and he asserted that he is willing to abide by any condition the Court might impose. He also explained that he would be under state supervision, including supervision as it relates to being on Tennessee's sex offender registry. While his mother's intentions are commendable, Defendant was living with his mother when he was charged with the violent crimes described above and this offense. And despite being on state supervision with no reported issues, the Court finds that, considering the § 3142(g) factors and the presumption as rebutted, the Government has shown by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community or any other person. Therefore, Defendant shall be detained pending trial.