UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:26-CR-5-TAV-JEM |
| | ) | |
| RODNEY MARLIN GUINN, Jr., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned for report and recommendation on Defendant Rodney Marlin Guinn, Jr.'s Motion to Dismiss Count Two [Doc. 34]. *See* 28 U.S.C. § 636(b). The Court heard oral argument on July 8, 2026. Assistant United States Attorney William Roach and Department of Justice Civil Rights Division Attorney Cassandra Hughes appeared on behalf of the Government. Assistant Federal Defenders Sarah Olesuik and G. Nicholas Wallace appeared on behalf of Defendant, who was also present.

Defendant is charged in a two-count Superseding Indictment with obstruction of the free exercise of religious beliefs, in violation of 18 U.S.C. § 247(a)(2), (d)(3), and malicious use of fire, in violation of 18 U.S.C. § 844(i) [Doc. 22]. The charges relate to Defendant's allegedly setting a fire at the Holy Ghost Catholic Church in Knoxville, Tennessee [*Id.*].

Proceeding under Rule 12 of the Federal Rules of Criminal Procedure, Defendant moves to dismiss the § 844(i) charge (Count Two) [Doc. 34]. Defendant submits that "[w]hile Count Two alleges elements of an offense, the facts the [G]overnment has alleged to support this count do not establish one of the essential elements of a violation of § 844(i), namely, that at the time of the fire, Holy Ghost Catholic Church . . . was a building or 'real or personal property used in interstate or

foreign commerce or in any activity affecting interstate or foreign commerce'" [*Id.* p. 1]. At the hearing, Defendant asserted that this is a mixed question of law and fact but offered to stipulate to the facts related to interstate commerce already presented by the Government in court proceedings and through discovery, arguing that doing so would render the facts "undisputed" and leave only a question of law for the Court to decide.

The Government opposes Defendant's request [Doc. 39 pp. 3–5]. It argues that Defendant's request is "premature" because Defendant challenges the sufficiency of the evidence regarding interstate commerce, which is a mixed question of law and fact that a jury should decide [*Id.*]. The Government also maintains that there is additional evidence that will show additional uses of the church in interstate commerce and that the Court cannot compel the Government to proffer the evidence it intends to use at trial [*Id.* at 10–11 (citing *United States v. Short*, 671 F.2d 178, 183 (6th Cir. 1982))].

Rule 12(b)(1) provides for a Defendant to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim P. 12(b)(1). "Generally, a defense can be determined before trial if it involves questions of law instead of questions of fact on the merits of criminal liability." *United States v. Driscoll*, No. 1:05-cr-103, 2006 WL 335520, at *1 (E.D. Tenn., Feb. 13, 2006) (citing *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997)). Examples include motions relating to "former jeopardy, former conviction, former acquittal, statute of limitations, immunity [and] lack of jurisdiction." *Id.* When considering such motions, the court may "make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motion as long as the court's findings on the motion do not invade the province of the jury." *Craft*, 105 F.3d at 1126 (citing *United States v. Jones*, 542 F.2d 661, 664–65 (6th Cir. 1976)). But when an indictment is facially valid, a court may not dismiss it on the

ground it is based on insufficient evidence. *Driscoll*, 2006 WL 335520, at \*1 (citing *United States v. Williams*, 504 U.S. 36, 54 (1992)).

Defendant does not challenge the sufficiency of the Superseding Indictment. Rather, Defendant challenges the sufficiency of the evidence regarding interstate commerce, an element of Count Two. *See United States v. Rayborn*, 312 F.3d 229, 231 (6th Cir. 2002) (holding that a building's use in interstate commerce "is simply one of the essential elements of § 844(i)"). "Where a defendant's pretrial motion to dismiss requires the court to find facts that make up the elements of the case, a determination which would normally be reserved to the jury at trial, the motion to dismiss should be denied." *Driscoll*, 2006 WL 335520, at \*1 (citation omitted); *see also United States v. Kelley*, No. 1:08-cr-51, 2008 WL 5517559, at \*5 (E.D. Tenn. Oct. 24, 2008) ("It follows that a pretrial motion to dismiss the indictment cannot be based on a sufficiency of the evidence argument because such an argument raises factual questions embraced in the general issue." (citation omitted), *report and recommendation adopted* (E.D. Tenn. Jan. 14, 2009). Then, if the Government does not meet is burden of proof at trial, the defendant can move for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure before the case is submitted to the jury. *Kelley*, 2008 WL 5517559, at \*5 (citation omitted).

Defendant relies on *United States v. Gibson*, No. 24-39, 2024 WL 4957564 (E.D. Ky. Dec. 3, 2024), where the court entertained the defendant's motion to dismiss the indictment because the building at issue was not used in interstate and foreign commerce nor in any activity affecting interstate and foreign commerce [Doc. 34 p. 2].[1] But there the facts were proffered by

---

[1] At the hearing, Defendant also relied on *United States v. Pope*, 613 F.3d 1255 (10th Cir. 2010), and *United States v. Hall*, 20 F.3d 1084 (10th Cir. 1994). In *Pope*, the Tenth Circuit explained that a court may entertain "motions to dismiss that require resort to facts outside the indictment and bearing on the general issue in the 'limited circumstances' where '[1] the operative facts are undisputed and [2] the government fails to object to the district court's consideration of

the United States and undisputed. 2024 WL 4957564, at \*3–4. Defendant aims to be in the same procedural posture here, but as this Court has explained before, "Well-settled Sixth Circuit precedent holds that the government is not required to proffer before trial the evidence it intends to use at trial to prove the fact of conviction." *United States v. Bunch*, No. 3:09-CR-127, 2010 WL 925790, at \*1 (E.D. Tenn. Mar. 8, 2010) (citations omitted). The Government is not proffering its evidence at this time and it represents that additional evidence exists regarding the use of the building in interstate commerce and its use in activities affecting interstate commerce.

Accordingly, and for the reasons explained herein, the undersigned **RECOMMENDS** that the District Judge **DENY** Defendant's Motion to Dismiss Count Two [**Doc. 34**].[2]

Respectfully Submitted,

Jill E. McCook
United States Magistrate Judge

---

those undisputed facts,' and [3] the district court can determine from them that, '*as a matter of law*, the government is incapable of proving its case beyond a reasonable doubt.'" 613 F.3d at 1260 (quoting *Hall*, 20 F.3d at 1088). But it is the "rare exception." *Id.* (citations omitted). Here, even if some facts are undisputed, the Government objects to the Court's consideration of them. And the Tenth Circuit explained dismissal is not warranted based on "the government's refusal to come forward with evidence to support its case in the face of a defendant who has presented his own proof." 613 F.3d at 1260 (citation omitted). "To warrant dismissal, it must be clear from the parties' *agreed* representations about the facts surrounding the commission of the alleged offense that a trial of the general issue would serve no purpose." *Id.* at 1261.

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to appeal the District Court's order. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 555 U.S. 1080 (2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). "[T]he district court need not provide de novo review where objections [to this report and recommendation] are [f]rivolous, conclusive, or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation omitted). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).

4